23550. UNITED STATES FIDELITY & GUARANTY COMPANY *et al.* *v.* YOUMANS.

STEPHENS, J. 1. Upon the hearing of a claim for compensation for loss of the eyeball from a condition of the eye alleged to have been caused by paint or lacquer which got into the claimant's eye, where it appeared from the evidence that, after the paint or lacquer got into the eye, the claimant experienced trouble in the eye and a growth or tumor devel-

oped which necessitated the removal of the eyeball by an operation, notwithstanding it appeared from the testimony of physicians who had treated the claimant that the growth or tumor was cancerous, and although it did not appear on the eye until after the accident, it was but a recurrence of a condition of the eye which they had treated and which had occurred about a year previously when a similar growth on the eyeball was removed by an operation, which the physician at the time said might have been caused from irritation, and that while the physicians would not testify that the second growth could have been caused by irritation from foreign matter in the eye, it appeared from the evidence that no one knew the cause of cancer, and where it appeared from the evidence that the first trouble followed a similar accident by which paint got into the claimant's eye, and that after the first operation, the eye became entirely well, and the claimant had no trouble in it until after the accident complained of, and where it appeared from the evidence that an analysis of paint put out by the manufacturer who put out the paint which got into the claimant's eye, showed that it contained substances that were highly irritating to delicate membranes, the inference was authorized that the trouble in the claimant's eye which necessitated the operation resulted from the paint in the eye, and that it constituted an injury which arose out of and in the course of the claimant's employment, and was compensable under the compensation act.

2. There is no merit in the objection to the admission in evidence of the analysis of paint which it is claimed was similar to that which got into the claimant's eye. While this evidence is conclusive only as to the contents of the paint which was analyzed, yet since it is a matter of common knowledge that all paint contains substances highly irritating to the delicate membranes, the inference is demanded as a matter of law that the paint or lacquer which got in the claimant's eye was of this character.

3. The claim for compensation was filed within one year from the time of the accident, and was not barred by the statute of limitations contained in section 25 of the workmen's compensation act which provides that claims for compensation shall be filed within a year after the accident.

4. The judge of the superior court did not err in affirming the award.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 29, 1934.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiffs in error.
*Frederick A. Tuten, Ernest J. Haar,* contra.